IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
CASE NO.

MATT CHATOWSKY,

Plaintiff

vs.

ALEXIS A. LAMBERT IN HER
OFFICIAL CAPACITY AS SECRETARY TO
THE FLORIDA DEPARTMENT OF
ENVIRONMENTAL PROTECTION

Defendant.

_____________________________/

## COMPLAINT

Plaintiff, MATT CHATOWSKY, through his undersigned counsel, file this Complaint against Alexis A. Lambert in her official capacity as Secretary to the Florida Department of Environmental Protection ("Defendant") for declaratory and injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to Title II of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12131 et. seq. ("ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Section 504") and alleges as follows:

## INTRODUCTION

1. This is an action to put an end to the systemic civil rights violation committed by Defendant against the mobility impaired and otherwise disabled

individuals who seek to enjoy the services and facilities of Fanning Springs Florida State Park (also referenced herein as "park").

2. This action alleges that Defendant has violated federal laws and regulations by failing to ensure that Fanning Springs State Park accommodates individuals with disabilities, by insuring that access to the park, its recreational facilities, and its open spaces are available to individuals with disabilities by removing architectural barriers to access.

**PARTIES JURISDICTION AND VENUE**

3. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §§s 12131-12133 ("ADA") and 28 C.F.R. Part 35, incorporating by reference the remedies, procedures and rights under Sections 504 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 794, 794(a) ("Section 504"), incorporating the remedies, rights and procedures set forth in § 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) through 706(k), 42 U.S.C. § 2000e-5(f)-(k).

4. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

5. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred in the Northern District of Florida.

6. MATT CHATOWSKY is disabled as defined by the ADA, 42 U.S.C. § 12102, and the Fair Housing Act. Particularly, Plaintiff is a T-12 parapelic, confined to a wheelchair. The Plaintiff's disability is defined in 28 C.F.R. §35.104(1)(ii).

7. Defendant Alexis A. Lambert in her official capacity as Secretary to the Florida Department of Environmental Protection ("Defendant") is a political subdivision of the State of Florida and is within the jurisdiction of this court as a public entity subject to 42. U.S.C. §12131(1)(b). Defendant Alexis A. Lambert is the Secretary of the Florida Department of Environmental Protection. Defendant Alexis A. Lambert is being sued only in her official capacity.

8. As related specifically to Fanning Springs State Park, which is the Subject Facility subject of the action against Defendant, federal funding has been received in the past and continuing, as evidenced by the Fanning Springs State Park Approved Unit Management Plan (Exhibit A). The Management Plan succinctly states that the plan does not constitute an exemption from complying with the appropriate local, state or federal agencies (emphasis added) (Exhibit A, page 7). In the Management Plan, various federal agencies are mentioned as participating in activities within the park, and specifically states that "Federal, state and local permit and regulatory requirements are addressed during facility development. This includes the design of all new park facilities consistent with the universal access requirements of the Americans with Disabilities Act (ADA). The Management Plan

also states on page 83 that "Major repair projects for park facilities may be accomplished within the ten-year term of this management plan, if funding is made available. These include the modification of existing park facilities to bring them into compliance with the Americans with Disabilities Act (a top priority for all facilities maintained by DRP)." Defendant cannot use sovereign immunity to shield discriminatory conduct due to all the instances of federal funding having been used, currently being used, and/or currently being applied for by Florida Department of Recreation and Parks specifically related to Fanning Springs State Park.

9. At all times material hereto, the Defendant has operated, controlled, and/or managed Fanning Springs Florida State Park.

10. Since Defendant conducts itself as an agency and instrumentality of the State of Florida and the park they operate, control and manage is the recipient of federal funds, they are subject to Title II of the ADA. 42 U.S.C. § 12131(1) and subject to Section 504.

11. Since Fanning Springs Florida State Park provides services, amenities, and activities to the general public and is the recipient of federal funds, the park is subject to Title II of the ADA and Section 504.

12. Plaintiff is a parapelic and confined to a wheelchair. But Plaintiff enjoys using a pool and the springs at Fanning Springs State Park.

13. Since June 2023, and continuing, the Plaintiff has encountered barriers to access to the Springs at Fanning Springs Florida State Park. Particularly, the Plaintiff has used a lift chair that was located at Fanning Springs State Park to gain access into the Springs for swimming. The chair life has not been operational since June 2023 and was recently removed from the swimming dock. As a result, Plaintiff has to be carried by another person into the springs to gain access.

14. As a result of the Defendant's discrimination, the Plaintiff suffered loss of dignity, mental anguish, and other tangible injuries. Thus, Plaintiff has suffered an injury-in- fact.

15. This discrimination resulted in the Plaintiff being denied full and equal access to, and full and equal enjoyment of the facilities at Fanning Springs Florida State Park, which is maintained, controlled, and/or operated by Defendant, which is the subject of this suit.

16. The Plaintiff continues to desire to utilize Fanning Springs Florida State Park to enjoy its facilities but the Plaintiff continues to be injured in that he is concerned that he will again be discriminated against by the failure of Defendant to permit the Plaintiff entry into the park by failing and refusing to insure that there is a direct and accessible path to the picnic table areas for those individuals who are disabled and require wheelchair access, all in violation of state statutes and 28 C.F.R. § 35.133(a) which states; "A public entity shall maintain in operable working

condition those features of facilities and equipment that are required to be readily accessible to and usable by persons with disabilities."

17. The Plaintiff has been denied access to the Springs at Fanning Springs Florida State Park because of architectural barriers to access, being the presence of no lift in described area that would accommodate a person confined to a wheelchair to access the Springs.

18. Defendant has not repaired the chair life to this recreational area.

19. Due to the Defendant's failure to accommodate the Plaintiff and remove barriers to access, the Plaintiff has been denied full services and accommodations of the park. As such, Plaintiff has been embarrassed and humiliated by the treatment he has received at Fanning Springs Florida State Park.

20. By Defendant's behavior and actions in failing to create a wheelchair accessible space and pathway to all public amenities, Defendant has been unreasonable and discriminatory, and as a result, the Plaintiff was/is discriminated against and effectively denied access to all areas of recreation within Defendant's park as afforded to the public.

21. Defendant is well aware of the necessity of compliance with the requirements for the need to provide equal access to individuals with disabilities in accordance with the ADA. Defendant has failed and refused to follow 28 C.F.R. §35.136 and the guidelines and requirements for the provision of equal access to

individuals with disabilities in accordance with the ADA at Fanning Springs Florida State Park.

22. Defendant's failure to reasonably accommodate individuals with disabilities is willful, malicious, and oppressive and in complete disregard for the rights of the Plaintiff and in violation of 28 C.F.R. § 35.130(a) and § 35.137(a).

**Architectural Barriers to Access**

23. Defendant has made Fanning Springs Florida State Park available to the general public, offering services of recreation, and facilities.

24. In June 2023 the Plaintiff personally visited Fanning Springs Florida State Park with the intent of patronizing the park and enjoying the recreational facilities therein. However, the Plaintiff could not access the Springs due to the failure of Defendant to provide adequate access to the Springs for individuals confined to wheelchairs who cannot access the springs with a chair lift.

25. As such, Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at Fanning Springs Florida State Park which Defendant maintains, controls, and operates for the benefit of the general public.

26. Defendant is subject to Title II of the ADA and Section 504, because they maintain, control, and/or operate a park which is open to the general public and due to the fact that funding (in part) for construction, renovation, water quality testing, endangered species protection, shoreline reclamation, and/or maintenance

has been provided through federal grants and programs. As such, with respect to the park Defendant does not have sovereign immunity and the park must be in compliance with the ADA and Section 504.

27. Defendant knew or should have known of the prohibitions to entry caused by the failure of Defendant to provide adequate handicapped accessibility to the Springs with a chair lift at Fanning Springs Florida State Park.

28. Defendant has discriminated against the Plaintiff when the Plaintiff (a person with a disability) was unable to access the full amenities of Fanning Springs Florida State Park and was therefore excluded from participation (and denied benefits of access); 41 U.S.C. §12132.

29. As a result of the Defendant's discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

30. Any and all requisite notice has been provided.

**COUNT I – PUBLIC PARK ACCESS - VIOLATIONS OF TITLE II OF THE ADA**

31. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 – 30 herein above.

32. 42 U.S.C. §12131(1)(b) states that a public entity includes any department of a state or local government. Defendant Florida Department of Environmental Protection is a political subdivision of the State of Florida, and Defendant Alexis A. Lambert (in her official capacity as Secretary to the Florida

Department of Environmental Protection) is responsible for the operation of Fanning Springs Florida State Park being accessible to the public in compliance with Title II of the ADA.

33. Title II of the Americans with Disabilities Act prohibits state and local government entities from discriminating in "services, programs, or activities" or otherwise "subject[ing] to discrimination" individuals by reason of disability. 42 U.S.C. § 12132.

33. Title II legislation is the measure of Congress's intent to bar overt discrimination on the basis of disability and require reasonable accommodations with respect to all public services. Title II requires public entities to ensure that public entities are accessible to individuals with disabilities, guaranteeing those individuals the ability to participate in the services, programs and activities which public entities offer to the public without being excluded on the basis of irrational prejudice or inadvertent oversight.

34. 28 C.F.R. §35.130(b)(1)(i) states that a public entity may not deny an individual the opportunity to participate in or benefit from aid, benefit, or service on the basis of disability.

35. When Congress enacted the ADA, it sought "to assure equality of opportunity" and "full participation" of individuals with disabilities in society. 42 U.S.C. § 12101(a)(7).

36. Whereas the Eleventh Amendment to the United States Constitution states that states are immune to suits brought by private citizens, there are situations in which that immunity does not apply. Congress was explicit in stating intent to abrogate sovereign immunity for ADA claims. 42 U.S.C. § 12202.

37. One such situation is when that state (entity) has receives federal funding. In this instance, Defendant has received federal funding and some of that funding has specifically directed to the subject park. Therefore, Defendant cannot hide behind sovereign immunity to avoid suits brought by disabled citizens for Title II violations.

38. The U.S. Department of Justice has promulgated federal regulations to implement Title II of the ADA included as part of prohibited discrimination caused by lack of accessibility.

39. In the instant case, the Defendant denied Plaintiff the opportunity to utilize Fanning Springs Florida State Park (which is a recipient of federal funding) due to architectural barriers to access.

40. 28 C.F.R. §35.130(b)(1)(ii) states that a public entity may not provide unequal aid, benefit, or service to a disabled individual. In the instant case, the Defendant have maintained Fanning Springs Florida State Park in such a manner that access was denied the Plaintiff due to architectural barriers and its policy decisions which resulted in denial of entry to all areas of recreation within the park

when the general public was given the opportunity to enter, access, and enjoy the facilities offered at that park.

41. 28 C.F.R. §35.130(b)(1)(vii) states that a public entity may not limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service. In the instant case, Defendant failed to repair the chair lift, and/or replace it so that Plaintiff could access the Springs and in so doing denied the Plaintiff the right to fully enjoy the park equally as the general public.

42. Defendant have failed and refused to repair the chair lift and/or replace it, thus has prevented equal access to the park.

43. Refusal of Defendant to provide to repair the chair lift and/or replace it, is tantamount to refusing to permit the Plaintiff to utilize the recreational area in the park.

44. Plaintiff's disability limits major life activities including his ability to walk; hence Plaintiff is confined to a wheelchair for mobility. Therefore, Plaintiff is an individual with a disability under Title II of the "ADA", 28 C.F.R. §35.104(1)(ii). Thus, Plaintiff is a qualified individual with a disability and is entitled to the protections of the ADA under 42 U.S.C. §12131, et. seq.

45. Public entities are required to provide full and equal enjoyment of their services, programs, and activities in the most integrated setting appropriate to people

with disabilities. 42 U.S.C. §12131, et. seq.; 28 C.F.R. Part 35. Specifically the public entity must: a) Ensure that no individual is discriminated against on the basis of disability or excluded from participation or denied the benefits of services, programs, or activities. 28 C.F.R. §35.130(a); b) Ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals unless the public entity can demonstrate that taking those steps to modify policies, practices, or procedures would fundamentally alter the nature of the service, program, or activity. 28 C.F.R. §35.130(b)(7); c) Ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals unless the public entity can demonstrate that legitimate safety requirements are necessary for safe operation. Any safety requirements must be based on actual risks and not on mere speculation, stereotypes, or generalizations about individuals with disabilities; 28 C.F.R. §35.130(h).

46. By Defendant's blatant discrimination, by its completely unreasonable failure and refusal to allow Plaintiff entry to Fanning Springs Florida State Park's recreational area during such time that the general public had access by denying the Plaintiff the use of the Springs swimming area, Defendant has violated Title II of the ADA in numerous ways, including discriminatory action which occurred when the Defendant: a) Failed to maintain policies and procedures to ensure compliance with Title II of the ADA and of 28 C.F.R. §35.130; specifically policies that provide equal

access to the park by individuals with disabilities, b) Excluded the Plaintiff from entry to the Springs swimming area with during such time that the general public had access to the park's such amenities, in violation of 28 C.F.R. §35.149; c) Denied full and equal access to, and full and equal enjoyment of, services, programs, and activities of the public entity's park in violation of 42 U.S.C. §12132.

47. Defendant is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and are discriminating against the Plaintiff as a result of inter alia, the following specific violations due to architectural barriers to access: i. As to the entrance the Springs swimming area, failure to provide an operable chair life.

48. Upon information and belief, there are other violations of the ADA within the park, and only once a full inspection is done can all said violations be identified.

49. To date the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

50. Pursuant to the ADA, 42 U.S.C. §12131 *et seq.,* and 28 C.F.R. Part 35, the Defendant is required to make each of its public areas (such as the Fanning Springs Florida State Park and its amenities and recreational areas) accessible to persons with disabilities since January 28, 1992. To date, the Defendant has failed to comply with this mandate.

51. Pursuant to 42 U.S.C. §12133, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the facilities at Fanning Springs Florida State Park to make it readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the Springs swimming area until the requisite modifications are completed.

51. Pursuant to 42 U.S.C. §12133, this Court is vested with the authority to grant the Plaintiff injunctive relief; including an order to require Defendant to assure that Fanning Springs Florida State Park is accessible to, and useable by, individuals with disabilities including those individuals with disabilities who are mobility impaired.

52. The Court is vested with the authority to require Defendant to assure that Fanning Springs Florida State Park accommodates mobility impaired individuals with disability(ies) who require access into and out of the Springs swimming area.

**COUNT II – VIOLATION OF SECTION 504 OF THE REHABILITATION ACT**

53. Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶ 1 – 30 herein above.

54. Fanning Springs Florida State Park and its amenities and recreational areas are subject to Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §§s 700- 708, 794) due to the fact that federal funding has been used, is currently being

used, and currently being applied for the intended future use by Defendant, specifically related to Fanning Springs Florida State Park.

55. As a qualified individual with a disability under Section 504 of the Rehabilitation Act, Plaintiff is expressly authorized under Section 505 of the Rehabilitation Act (which enforces Section 504 of the Rehabilitation Act, 29 U.S.C. §§ 794 & 794(a), incorporating the remedies, rights and procedures set forth in Section 717 of the Civil Rights Act of 1964, including the application of §§ 706(f) - (k), 42 U.S.C. §§ 2000e (5)(f) - (k)).

56. Congress enacted the Rehabilitation Act in 1973 (here, referenced as "Section 504") to enforce the policy of the United States that all programs, projects, and activities receiving federal assistance ". . . be carried out in a manner consistent with the principles of . . . inclusion, integration, and full participation of the individuals [with disabilities]." 29 U.S.C. § 701(c)(3).

57. Section 504 prohibits recipients of federal funding from discriminating against disabled persons and requires that programs or activities operated by a federally funded entity be readily accessible to persons with disabilities; see 28 C.F.R. § 42.520.

58. Section 504, 29 U.S.C. § 794 requires that no qualified individual with a disability, on the basis of that disability, be excluded from participation in or be

denied the benefit of the services, programs, activities, or to otherwise be discriminated against.

59. Section 504 defines "program or activity" to mean all of the operations of a department, agency, special purpose district, or other instrumentality of a State or of a local government. Defendant's park is a "program or activity" within the meaning of the Rehabilitation Act; 29 U.S.C. § 794(b)(1)(A).

60. By Defendant's actions as delineated herein, Defendant's denial of access to services, programs and/or activities at Defendant's park has subjected Plaintiff to discrimination, excluded Plaintiff from participation in those services, programs and/or activities and denied Plaintiff the benefits of Defendant's park.

61. On information and belief, as of this filing, Defendant's park, particularly to the Fanning Springs swimming area, remains inaccessible to individuals who require the wheelchairs for mobility.

61. As a recipient of federal funds and pursuant to Section 504 Defendant may not deny a qualified handicapped person the opportunity to participate in or benefit from the aid, benefit, or service; 45 CFR § 84.4 (b)(1)(i).

62. As a recipient of Federal funds and pursuant to Section 504 the Defendant may not afford a qualified handicapped person an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others; 45 CFR § 84.4 (b)(1)(ii).

63. As a recipient of federal funds and pursuant to Section 504 Defendant may not provide a qualified handicapped person with an aid, benefit, or service that is not as effective as that provided to others; 45 CFR § 84.4 (b)(1)(iii).

64. As a recipient of federal funds and pursuant to Section 504 Defendant may not provide different or separate aid, benefits, or services to handicapped persons or to any class of handicapped persons unless such action is necessary to provide qualified handicapped persons with aid, benefits, or services that are as effective as those provided to others; 45 CFR § 84.4 (b)(1)(iv).

65. Plaintiff has been denied access to Defendant's park, which would permit Plaintiff to the programs, services and activities of that park as offered to residents and visitors. As the recipient of federal funds and pursuant to Section 504, Defendant may not otherwise limit a qualified handicapped person in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving an aid, benefit, or service; 45 CFR § 84.4 (b)(1)(vii).

66. As the recipient of federal funds and pursuant to Section 504, Defendant may not (directly or through contractual or other arrangements) utilize criteria or methods of administration (i) that have the effect of subjecting qualified handicapped persons to discrimination on the basis of handicap, (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of the recipient's program or activity with respect to handicapped persons,

or (iii) that perpetuate the discrimination of another recipient if both recipients are subject to common administrative control or are agencies of the same State; 45 CFR § 84.4 (b)(4).

67. As the recipient of federal funds and pursuant to Section 504, Defendant is required to evaluate (with the assistance of interested persons including handicapped persons or organizations representing handicapped persons) their current policies and practices and the effects thereof that do not or may not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(i).

68. As the recipient of federal funds and pursuant to Section 504, Defendant is required to modify, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), any policies and practices that do not meet the requirements of this part; 45 CFR § 84.6 (c)(1)(ii).

69. As the recipient of federal funds and pursuant to Section 504, Defendant is required to take, after consultation with interested persons (including handicapped persons or organizations representing handicapped persons), appropriate remedial steps to eliminate the effects of any discrimination that resulted from adherence to these policies and practices; 45 CFR § 84.6 (c)(1)(iii).

70. As the recipient of federal funds and pursuant to Section 504, Defendant is required to designate at least one person to coordinate its efforts to

adopt grievance procedures that incorporate appropriate due process standards and that provide for the prompt and equitable resolution of complaints alleging any action prohibited by this part; 45 CFR § 84.7 (a) & (b).

71. Defendant has discriminated against Plaintiff (and other individuals with visual impairments) in the unequal access to Fanning Springs Florida State Park, which Defendant provides to the public. As a result, Plaintiff has experienced exclusion, segregation, mental anguish, and humiliation in violation of his civil rights.

71. Defendant's policies, practices and procedures, particularly the actions and omissions described above have violated Plaintiff's rights under Section 504 by discriminating on the basis of a disability.

72. Defendant's actions were as a result of commissions or omission and deliberate indifference to the rights of the Plaintiff.

73. As a result of Defendant's actions, Plaintiff has been damaged and has suffered exclusion, injuries and shame, humiliation, isolation, segregation, emotional suffering, pain and anguish and has been segregated and prohibited from enjoying the programs, services and activities offered at Fanning Springs Florida State Park to residents and visitors.

74. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant.

75. For all of the foregoing, Plaintiff has no adequate remedy at law

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff MATT CHATOWSKY, respectfully prays that this Court grant the following relief against ALEXIS A. LAMBERT in her official capacity as Secretary to the Florida Department of Environmental Protection ("Defendant"), including entering a declaratory judgment, pursuant to Rule 57 of the FRCP stating that the Defendant's practices, policies, and procedures have subjected Plaintiff to discrimination in violation of Title II of the ADA and Section 504, and permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from the facilities at Fanning Springs Florida State Park. This includes entry of the following:

a) The Court declares that Defendant and the Fanning Springs Florida State Park are violative of the ADA and Section 504 of the Rehabilitation Act, and order Fanning Springs Florida State Park to close the Springs swimming area to the public until such time that it is deemed by this Court to be accessible to the Plaintiff and other disabled persons who are mobility impaired;

b) The Court enter an Order requiring Defendant to alter the facilities at

Fanning Springs Florida State Park such that the Springs swimming area is accessible to and usable by individuals with disabilities to the full extent required by the Title II of the ADA and Section 504;

c) The Court enter an Order requiring Defendant to evaluate and neutralize their policies, practices and procedures toward persons with disabilities and to promulgate and comply with policies and procedures to ensure that the Defendants (and staff / representatives within Bill Fanning Springs Florida State Park) do not discriminate against individuals who are disabled and who are mobility impaired and to permit access to the Springs swimming are within Fanning Springs Florida State Park at any and all times that the park is permitting entry of members of the general public thereto.

d) The Court award Plaintiff damages in an amount to be determined at trial;

e) The Court award reasonable litigation expenses, costs, and attorneys' fees; and

f) The Court awards such other and further relief as it deems necessary, just and proper.

Dated: May 5, 2026

SOLNICK LAW P.A.
3363 NE 163rd Street, Suite 801
North Miami Beach, FL 33160
Tel: 786-629-6530
Email: pete@solnicklaw.com

By: /s/ *Peter J. Solnick*

Peter J. Solnick, Esq.
Fla. Bar. 670006